**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICHARD YANCY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **STEVE MNUCHIN, SECRETARY** | ) |
| **U.S. DEPARTMENT OF THE TREASURY** | ) |
| | ) |
| **Defendant.** | ) |
| | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**
**(TITLE VII & REHABILITATION ACT)**

Pursuant to Federal Rule of Civil Procedure Rule 2, Plaintiff, Richard Yancy (hereinafter "Plaintiff"), by and through his undersigned attorney, files his Complaint.

**I.   JURISDICTION AND VENUE**

1. This Court has jurisdiction of the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f) and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*.

2. On or about September 12, 2017, Plaintiff filed an EEO Complaint with the Agency.

3. On or about May 18, 2018, Plaintiff request a Final Agency Decision.

4. On or about July 23, 2018, Plaintiff received Agency's Final Agency Decision.

5. This Complaint is filed within 90 days of Plaintiff's Notice of Right to Sue from the Final Agency Decision.

6. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), as Defendant U.S. Department of the Treasury (hereinafter

"Defendant") has extensive and deliberate contacts in this District and Division, including a business location at 799 9th Street, NW, Washington, DC 20001, at which Plaintiff performed work during his tenure with Defendant.

## II.     PARTIES

7. Plaintiff is a resident of Virginia.

8. Defendant is a federal agency headquartered in Washington, DC which employs more than 500+ individuals. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

## III.    FACTS CENTRAL TO PLAINTIFF'S CLAIM

9. Plaintiff is an African-American with a disability employed as a Supervisory Financial Program Specialist in Revenue Collection Management in the Bureau of the Fiscal Service.

10. Plaintiff's First-Line Supervisor is Ian MacCoy, Caucasian, no disability.

11. Plaintiff's Second-Line Supervisor is Sandra Paylor Sanders, Caucasian, no disability.

12. Plaintiff has been diagnosed with "sequential and somatic dysfunction" of cervical, thoracic, lumbar, and sacral regions; radiculopathy of cervical region; rotator cuff syndrome of shoulders, neck strain, cervical disc displacement, cervical disc degeneration, depression, anxiety, and an adjustment disorder, as well as chronic sinusitis and allergic rhinitis.

13. On or about July 19, 2016, Plaintiff requested an ergonomic desk. The desk was not ordered until November 2016.

14. On or about February 2017, Plaintiff requested an ergonomic chair. The chair was not received until September 2017.

15. On or about February 6, 2017, Plaintiff was issued a counseling memorandum for insubordination where it was alleged that he had "hostile, challenging, and insubordinate behavior"

16. On or about April 28, 2017, Plaintiff was issued a Letter of Reprimand for Unprofessional Behavior.

17. On or about May 9, 2017, Plaintiff was informed he would have to provide medical documentation for all leave requests, even for those under Family Medical Leave Act.

18. On or about June 9, 2017, Plaintiff was issued a Performance Counseling Memo in the areas of "Leadership", "Customer/Employee Perspective", and "Foundational Responsibilities." Plaintiff was informed that unless he improved in these areas, he would be placed on a Performance Improvement Plan.

19. On or about August 30, 2017, Plaintiff's telework accommodation was rescinded.

20. On or about September 7, 2017, Plaintiff requested and was denied a reasonable accommodation of 100% telework.

21. On or about October 23, 2017, Plaintiff requested reassignment as a reasonable accommodation. The accommodation was denied.

22. On or about October 24, 2017, Plaintiff was issued with a proposed 14 day suspension based upon Unprofessional Conduct and Failure to follow instructions.

23. On or about November 21, 2017, Plaintiff requested and was denied a reasonable accommodation of 3 days telework.

24. On or about November 30, 2017, Plaintiff's supervisor denied a reauthorization of Plaintiff's VPN access.

25. On or about December 18, 2017, Plaintiff requested and was denied a reasonable accommodation of telework for a duration that the agency could support.

26. On or about January 3, 2018, Plaintiff requested a reasonable accommodation of two days of telework.

27. On or about January 29, 2018, Plaintiff's request was denied because his position of supervisor did not allow for it.

28. Upon information and belief, two peer Program Managers were granted two-days a week telework privileges.

29. On or about February 4, 2018, Plaintiff was placed on a Performance Improvement Plan.

### IV.  STATEMENT OF CLAIMS

**Count I: Violation of Title VII (Race)**

30. Plaintiff adopts and incorporates by reference ¶¶ 1-29 above.

31. Defendant unlawfully discriminated against Plaintiff on the basis of his race in violation of Title VII.

32. Employees of Defendant who were not African-American were allowed to telework either full-time or on an ad hoc basis.

33. Employees of Defendant who were not African-American were not reprimanded for being insubordinate when they tried to point out issues and things that needed to be fixed in the department.

34. Employees of Defendant who were not African-American did not have their VPN access pulled.

35. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count II: Violation of Title VII (Color)

36. Plaintiff adopts and incorporates by reference ¶¶ 1-34 above.

37. Defendant unlawfully discriminated against Plaintiff on the basis of his color in violation of Title VII.

38. Employees who were not Brown were allowed to telework on an ad hoc basis.

39. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count III: Violation of Title VII (Hostile Work Environment; Race, Color)

40. Plaintiff adopts and incorporates by reference ¶¶ 1-39 above.

41. Defendant unlawfully discriminated against Plaintiff when it subjected him to a hostile work environment based on his race and color.

42. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count IV: Violation of Title VII (Retaliation)

43. Plaintiff adopts and incorporates by reference ¶¶ 1-42 above.

44. Defendant unlawfully discriminated against Plaintiff when Plaintiff was retaliated against him for complaining about discrimination.

45. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count V: Violation of Rehabiliation Act (Discrimination)

46. Plaintiff adopts and incorporates by reference ¶¶ 1-46 above.

47. Defendant unlawfully discriminated against Plaintiff when Defendant denied Plaintiff teleworking privileges.

48. Defendant unlawfully discriminated against Plaintiff when Defendant denied Plaintiff a reassignment as a reasonable accommodation.

49. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count VI: Violation of Rehabiliation Act (Retaliation)

50. Plaintiff adopts and incorporates by reference ¶¶ 1- 50 above.

51. Defendant unlawfully discriminated against Plaintiff when Plaintiff was retaliated against for requesting accommodation.

52. As a result of Defendant's violations of the Rehabilitation Act, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### IV. REMEDIES SOUGHT

WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment granting her the following relief from Defendant:

a. A declaratory judgment that defendant discriminated against Plaintiff, as alleged herein;

b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

c. Compensatory and punitive damages, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

d. Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

e. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

f. Such other and further relief as to the Court seems just and warranted.

## VI. **JURY TRIAL DEMAND**

53. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

Respectfully submitted,

*Edgar Ndjatou*

EDGAR NDJATOU
McCree Ndjatou, PLLC
1828 L Street, NW, Suite 600
Washington, DC 20036
T: (202) 290-3724
F: (202) 370-7173
endjatou@mnlawyerspllc.com
*Plaintiff's Counsel*